IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Rondeau, #280301, | ) | C/A No. 0:13-960-GRA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Corrections; John Ozmint, *Director*; Warden Cohen, *Warden*; Miss Myers, *Classification*; Monica Count's Wallace, *Classification*; John Doe, et. al., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Robert Rondeau ("Rondeau"), a self-represented state prisoner, filed a Complaint in the Court of Common Pleas in Greenville County asserting state law claims. The defendant removed the case to federal district court pursuant to 28 U.S.C. §§ 1441 and 1446, indicating that Rondeau's Complaint arises under 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the plaintiff's motion to remand. (ECF No. 8.) The defendants responded. (ECF No. 19.) Having carefully considered the parties' submissions and the applicable law, the court concludes that Rondeau's motion for remand should be granted.

**BACKGROUND**

Rondeau's Complaint alleges that the South Carolina Department of Corrections has failed to apply credit to his prison sentence, despite an order from the South Carolina Administrative Law Court. As a result, Rondeau alleges that prison officials and staff have formed a conspiracy against

*PJG*

his civil rights and a conspiracy to kidnap him. Rondeau expressly states that his claims are pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, et seq.

## DISCUSSION

Though Rondeau appeared to originally assert claims under the Fifth and Eighth Amendments to the United States Constitution, he has indicated in his motion to remand that he wishes to withdraw such claims and assert only state law claims under the South Carolina Tort Claims Act. In their response to Rondeau's motion to remand, the defendants concede that in light of Rondeau's assertions, the case should be remanded to the South Carolina circuit court. (ECF No. 24 at 2.)

A removing party has the burden to establish the existence of federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The removal statute, 28 U.S.C. § 1441, must be strictly construed and doubts must be resolved in favor of remand. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34, 336 (4th Cir. 2008). For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim. Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936). It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well pleaded complaint. Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004) (citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); see also King v. Marriott Int'l, Inc., 337 F.3d 421 (4th Cir. 2003). Only actions that could have been originally filed in federal court may be removed from state court. Caterpillar Inc. v. Williams, 482



U.S. 386, 392 (1987). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. Id.

Upon review of the filings in this case, this court finds that although Rondeau originally mentioned a claim of deliberate indifference in his original Complaint, he does not wish to pursue a § 1983 action. Rondeau's subsequent filings unequivocally disavow any federal claims and indicate that he wishes to raise only state law claims under the South Carolina Torts Claims Act against the defendants. There is nothing else in his Complaint that would give this court original jurisdiction.[1] Defendants agree on this point, and do not appear to oppose the case returning to state court. Because Rondeau has essentially abandoned any federal claim he may have raised, the court may exercise its discretion to decline to exercise supplemental jurisdiction over Rondeau's state law claims and remand the case to state court under 28 U.S.C. § 1367(c). See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) (discussing a court's discretion and balancing factors in decision whether to exercise pendent jurisdiction after removal and holding that a district court had discretion to remand after plaintiffs abandoned their sole federal theory of relief). In light of Rondeau's representations that he wishes to raise no federal claim against the defendants and based on the current posture of this case, the court should exercise its discretion to remand the state law claims pursuant to 28 U.S.C. § 1367(c).

---

[1] It is undisputed that diversity of citizenship is not a proper basis for the court to exercise jurisdiction over the plaintiff's state tort claims.



**RECOMMENDATION**

For the foregoing reasons, the court recommends that Rondeau's motion to remand be granted and that this matter be remanded to state court. The court further recommends that all pending motions in this case should be decided by the state court upon remand.[2]

                                                                               _____
                                                                               Paige J. Gossett
                                                                               UNITED STATES MAGISTRATE JUDGE

July 25, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Although one of these motion is a motion to amend, the court observes that Rondeau appears to seek to add parties and does not seek to add any federal claims.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).