UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Rondeau, #280301, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>South Carolina Department of )<br>Corrections; John Ozmint, *Director*; )<br>Warden Cohen, *Warden*; Miss Myers, )<br>*Classification*; Monica Count's Wallace, )<br>*Classification*; John Doe, et. al., )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 0:13-960-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of United States Magistrate Judge Paige Gossett's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) DSC, and filed on July 25, 2013. Plaintiff Robert Rondeau, an inmate with the South Carolina Department of Corrections ("SCDC") proceeding *pro se*, filed this action on or about March 11, 2013. *See* ECF No. 1. Defendant removed this case to federal district court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that Plaintiff's complaint arises under 42 U.S.C. § 1983, on April 10, 2013. ECF No. 1. Plaintiff filed a Motion to Remand on April 23, 2013.[1] ECF No. 8. Defendant filed a Response in Opposition re Motion to Remand on May 24, 2013, and Plaintiff filed a reply to Defendant's response on May 30, 2013. *See* ECF Nos. 19 & 24.

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988). In the current case, although the Plaintiff's motion does not include the date it was delivered to the mailroom, the postmark on the letter indicates that the letter was placed into the mailing system on April 23, 2013. Additionally, the Plaintiff's letter states the date of the motion as April 23, 2013, and thus the Court will treat the motion as having been filed on April 23, 2013.

Under established procedure in this judicial district, Magistrate Judge Gossett made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Magistrate Judge Gossett recommends that this Court grant Plaintiff's Motion to Remand. Neither party objected to the Magistrate Judge's Report and Recommendation. For the reasons discussed herein, this Court adopts the Magistrate Judge's recommendation in its entirety and grants Plaintiff's Motion to Remand.

### Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

### Discussion

Magistrate Judge Gossett recommends granting Plaintiff's Motion to Remand. *See* Report and Recommendation, ECF No. 36.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* "The failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In this case, August 12, 2013 was the deadline for filing objections. Neither Defendant nor Plaintiff filed any objections to the Magistrate Judge's Report and Recommendation.

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand is GRANTED.

**IT IS FURTHER ORDERED** that all pending motions in this case should be decided by the state court upon remand.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August  22 , 2013
Anderson, South Carolina